MARGARET WEEKS v. CHARLES H. WEEKS.

Argued November 3, 1909—Decided February 21. 1910.

The provisions of the Attachment act of 1901, making the attachment a lien on all defendant's real estate, even though the officer fails to attach the same, and authorizing the court to order the clerk to amend the return by annexing a description of such real estate, and making the judgment a lien on defendant's land acquired either before or after the entry thereof, do not infringe the provisions of the constitution that require due process of law.

---

On motion to set aside judgment.

Before Justices SWAYZE, TRENCHARD and PARKER.

For the motion, *J. Merritt Lane.*

Opposed, *Henry W. Runyon* (*Roe & Runyon* on the brief).

The opinion of the court was delivered by

SWAYZE, J.  This was an attachment suit begun June 1st, 1906.  Judgment final was entered April 4th, 1907.  On May 25th, 1909, an order was made amending the sheriff's return so as to include real estate not described in the original return.  Thereupon proceedings were taken by the administrator and heirs-at-law of the defendant, who had died pending the suit, to have the judgment opened.  The matter was heard before Mr. Justice Voorhees, and a rule to show cause which had been obtained on behalf of the defendant was discharged.  The application is substantially an appeal from that order.  The motion is not to quash the attachment and it is therefore unimportant to consider the point made, that the defendant was a resident at the time the writ was issued.  It may be well to say, however, that we think the application in that respect is not sustained by the proofs.

We assume that the proof is sufficient to show that some of the applicants are heirs-at-law, and that they are entitled to make this motion as such.  There has been great delay, however.  The defendant in his lifetime knew of the attachment and made no move.  The allegation that he was lulled into security by the deceit of the plaintiff's attorney is not sustained in fact.  Under these circumstances it would be enough to deny the motion on account of the delay.  *Walker* v. *Anderson,* 3 *Harr.* 217.

We have, however, examined the merits and find that the release, so called, upon which the applicants rely to show that there was no indebtedness, fails to sustain their position.  It is dated February 5th, 1904, and releases all debts and demands up to that time.  The deposition taken before the auditor in this case shows that the suit is brought for the price of goods sold and delivered at or around the month of June, 1904—subsequent, therefore, to the date of the release.

Since the motion is only to open the judgment, and not to strike out the property added to the levy by the order of May 25th, 1909, we might deny the application without considering the propriety of that action.  The question raised, however, involves the constitutionality of the Attachment

act, and we have therefore considered it.    That act provides
that the writ of attachment from the time of its issue, if it is
issued out of the Supreme Court, becomes and remains a lien
on real estate of the defendant throughout the state, and if
issued from the Circuit or Common Pleas, on his real estate
in the county, and that it is a lien on all such real estate even
though the officer fails to attach the same or part thereof,
and upon all real estate and interests in real estate acquired
by the defendant after the issue of the writ and before final
judgment.    The court is authorized to order the clerk to
amend the return to the writ by annexing thereto a descrip-
tion of such real estate, and the judgment is made a lien on
the defendant's lands acquired either before or after the
entry thereof.    It must be conceded that the language of the
statute authorizes the action of the court in the present case.
We cannot see any valid reason for holding this statutory re-
quirement to be an infringement of the constitution.    It pro-
vides merely a method of procedure by which the property
of the defendant in this state may be made available to sat-
isfy his debts.    It does not in any way change the character
of the proceeding by attachment from a proceeding *in rem* to
a proceeding *in personam*.    The act provides for the publica-
tion of notice to the defendant, and that notice is sufficient
to apprise him that any real estate which he may have or
acquire in this state may be subjected to the lien of the at-
tachment under the act.    The provision as to the lien of the
judgment gives it no greater effect.    We are referred to no
authority which holds that regulations of procedure of this
character deprive the defendant of his property without due
process of law.    The validity of such proceedings *in rem* has
always been recognized, as may readily be seen by reference
to the opinion in *Pennoyer* v. *Neff*, 95 *U. S.* 714.    See, also,
*Sugg* v. *Thornton*, 132 *Id.* 524.

As said by Mr. Justice Miller (*Huling* v. *Kaw Valley Rail-
way*, 130 *U. S.* 559) :    "The owner of real estate who is a non-
resident of the state within which the property lies, cannot
evade the duties and obligations which the law imposes upon
him in regard to such property, by his absence from the

state. Because he cannot be reached by some process of the courts of the state which, of course, have no efficacy beyond their own borders, he cannot therefore hold his property exempt from the liabilities, duties and obligations which the state has the right to impose upon such property; and in such cases some substituted form of notice has always been held to be sufficient warning to the owner of the proceedings which are being taken under the authority of the state, to subject his property to those demands and obligations. * * * It is therefore the duty of the owner of real estate who is a non-resident, to take measures that in some way he shall be represented when his property is called into requisition; and if he fails to do this and fails to get notice by the ordinary publications, which have usually been required in such cases, it is his misfortune and he must abide the consequences. Such publication is 'due process of law' as applied to this class of cases." This case was a condemnation proceeding. It is equally well settled, however, that the due process clause of the fourteenth amendment does not control mere forms of procedure in the state courts, or regulate practice therein. *Louisville and Nashville Railroad Co.* v. *Schmidt,* 177 *U. S.* 230. An instance where the Supreme Court of the United States sustained the procedure of our own courts is to be found in *Strong* v. *Smith,* 2 *Robb.* 686; *affirmed, sub tit., Lamar* v. *Spalding,* 203 *U. S.* 584.

Our Attachment act not only protects the right of the defendant by requiring publication of the notice, but provides that the plaintiff receiving payment of his claim shall give bond to the defendant in double the sum received, with sureties, to appear to any action that may be brought against him by the defendant within one year after the date of the bond and pay the defendant any sum which by the judgment and decree of the court has been received by him and not due or owing, with costs of suit. We think that the provisions of the Attachment act constitute due process of law, and that the court was justified in ordering the addition to the levy

The motion must therefore be denied, with costs.